UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:05-CV-00247 OWW DLB |
| **Plaintiff,** | **ORDER GRANTING PLAINTIFF'S MOTION TO VACATE STAY** |
| v. | |
| **THOMAS R. BEARDEN,** | |
| **Defendants** | |

## I.   INTRODUCTION

Plaintiff the United States of America moves to vacate the interim stay which the court imposed on proceedings to allow Defendant Thomas R. Bearden to pursue an administrative appeal.

## II.   PROCEDURAL HISTORY

Plaintiff filed the complaint on February 18, 2005. Defendant answered on May 2.  The court entered its scheduling order on June 3, 2005, wherein it imposed an interim stay on proceedings pending Defendant's pursuit of an administrative appeal with the United States Department of Health and Human Services (HHS).  On October 17, Plaintiff filed the instant

1

motion. Defendant's counsel filed her statement of non-opposition to the instant motion on October 19.

### III.  BACKGROUND

Defendant applied for and was granted one or more Health Education Assistance Loans (HEAL) under Title VII, Part C, subpart 1 of the Public Health Service Act, 42 U.S.C. § 294. As part of the application process, Defendant executed promissory notes for the loans. Demand was later made upon Defendant to repay notes and the unpaid balances under those notes. To date, Defendant has not made full repayment, and Plaintiff has made demand upon Defendant for the unpaid principal, accrued interest, late charges, and collection costs.

Defendant denies that he is obligated to repay the alleged student loan debt because he is entitled to a discharge of said debt due to his permanent and total disability. Thus, both the amount of the alleged debt, and whether Plaintiff is entitled to it and the amount of any interest, late charges, and collection costs, are controverted. Defendant further claims that the government's debt collection practices, including the imposition of late charges and collection costs, violate provisions of the United States Constitution.

In the Answer to Complaint, filed on May 2, 2005, Defendant asserted as his second affirmative defense that:

> [D]efendant is entitled to a dismissal or a stay of this action, because further administrative review of [D]efendant's request for a disability discharge of the alleged student loan debt is pending with the U.S. Department of Health and Human Services.

**2**

Doc. 8, Ans. to Compl., ¶ 8.

Accordingly, the Scheduling Order issued June 3, 2005, provided that:

> Defendant shall have 90 days through and including September 5, 2005, to initiate any request for review of the administrative decisions at dispute in this case. Thereafter, the stay shall remain in effect an additional 120 days through January 2, 2006, to permit the administrative review to be completed.

Doc. 11, Sched. Order at 5.

Plaintiff moves to vacate the stay on the grounds that Defendant has not pursued the administrative appeal contemplated by the Scheduling Order. Doc. 13, Mot. to Vacate at 2. Together with the motion, Plaintiff has submitted the declaration of Bobbie J. Montoya, which states: (1) on information and belief, that her legal secretary contacted the appropriate office of HHS on September 12, 2005, and was informed that HHS had no record of any request for reconsideration of Defendant's disability claim; (2) that, on September 13, 2005, she asked opposing counsel to determine whether a request for reconsideration had been timely submitted to HHS; and (3) that as of October 14, 2005, she had received no response to his request from opposing counsel. Doc. 14, Montoya Decl., ¶¶ 4-7.

Defendant's counsel does not oppose the motion. Doc. 19, Statement of Non-Opp. at 1. Defendant's counsel notes that her motion to withdraw as counsel for Defendant is pending, however, and that counsel's lack of opposition to the motion may not be consistent with her client's position. Defendant's counsel

**3**

states that she informed Defendant of the motion to vacate by sending a copy of the motion to him via certified mail. Id. at 1-2.

Although the interim stay was to give Defendant the opportunity to appeal the denial of his request for a disability discharge of his student loan debt, Defendant has not availed himself of the opportunity. Dr. Kristin Hubbard, Defendant's psychologist, opines that Defendant suffers from severe Major Depressive Disorder. Doc. 15, Mot. to Withdraw at 4-5. Even if this accounts for Defendant's failure to effect his appeal before the scheduling order's September 5 deadline, the case cannot remain hostage to a litigant's inability to conduct his defense unless a personal representative needs to be appointed due to lack of capacity.

The record does not reflect whether Defendant's appeal is now time-barred for failure to meet any administrative deadline set by HHS. Defendant's delay itself is inherently prejudicial. Defendant shall be given twenty days following the entry of this order to initiate any administrative appeal, and shall file written evidence of the appeal with the court within that twenty-day period. If Defendant does not do so, Plaintiff's motion to vacate the stay is GRANTED.

### III.  CONCLUSION

Plaintiff's motion to vacate stay is CONTINUED for twenty (20) days pending Defendant's response to this order.

**SO ORDERED**

**DATED: January 10, 2006**

                                        **/s/ OLIVER W. WANGER**
                                        _____
                                            **OLIVER W. WANGER**
                                      **United States District Judge**